**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

| | |
|---|---|
| RICHARD ROEBEN | PLAINTIFF |
| v. | NO. 4:06CV01643 JLH |
| BG EXCELSIOR LIMITED PARTNERSHIP<br>d/b/a THE PEABODY LITTLE ROCK | DEFENDANT/<br>COUNTER CLAIMANT |
| v. | |
| RICHARD ROEBEN | COUNTER DEFENDANT/<br>THIRD PARTY PLAINTIFF |
| v. | |
| TIM SNEED and KERRY SNELLGROVE | THIRD PARTY DEFENDANTS |

**ORDER**

BG Excelsior Limited Partnership, d/b/a The Peabody Little Rock, has filed a motion to quash a subpoena served by Richard Roeben upon C.E. Zobell, Associate General Counsel for BG Excelsior Limited Partnership. BG Excelsior Limited Partnership cites *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986), for the proposition that "[i]n order to depose an attorney of the opposing party, the party seeking the deposition must show: (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and non-privileged; and (3) the information is crucial to the preparation of the case." *See Shelton*, 805 F.2d at 1327. The holding in *Shelton* is actually more limited. Specifically, the holding in *Shelton* appeared to be limited to instances in which one party was seeking to depose the trial counsel of the opposing party. *Id*. That is not the case here. Mr. Zobell is not trial counsel. Indeed, he has appeared at one deposition, not as trial counsel, but as the corporate representative.

There is reason to believe that Mr. Zobell may have knowledge of facts that would be relevant to the case. It is true that some of the testimony that he might be called upon to give would be protected by the attorney-client privilege or by attorney work product. If so, he could decline to answer those questions and then, if Roeben disputes the applicability of a privilege or the work product protection, that issue could be submitted to the Court on a question-by-question basis. *See Nakash v. U.S. Dept. of Justice*, 128 F.R.D. 32, 35 (S.D.N.Y. 1989).

The motion to quash is DENIED. Document #49.

IT IS SO ORDERED this 14th day of September, 2007.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE