# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

RICHARD ROEBEN                                          PLAINTIFF/COUNTER-DEFENDANT

v.                          NO. 4:06CV01643 JLH

BG EXCELSIOR LIMITED PARTNERSHIP,
d/b/a THE PEABODY LITTLE ROCK;          DEFENDANT/COUNTER-PLAINTIFF
and TIM SNEED and KERRY SNELLGROVE      THIRD PARTY DEFENDANTS

## OPINION AND ORDER

Richard Roeben began this action alleging that he was discharged from his employment at BG Excelsior Limited Partnership, d/b/a The Peabody Little Rock, because of his age. The Peabody counterclaimed, alleging that Roeben had converted its property. Roeben then amended his complaint to allege that he had been slandered by Tim Sneed and Kerry Snellgrove, both employees of The Peabody. Roeben contends that his amended complaint also alleges that The Peabody is responsible for slandering him. The Peabody denies that the amended complaint alleges that The Peabody is liable for slander.

The Peabody has moved for summary judgment on Roeben's age discrimination claims. Sneed and Snellgrove have moved for summary judgment on Roeben's slander claims.

For the reasons stated hereinafter, The Peabody's motion for summary judgment on Roeben's age discrimination claims are granted. The Court declines to exercise supplemental jurisdiction over the claims that arise under the laws of the State of Arkansas and therefore dismisses those claims without prejudice.

## I.

A court should enter summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and

that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986). When a nonmoving party cannot make an adequate showing on a necessary element of the case on which that party bears the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). The moving party bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553. If the moving party meets this burden, "the nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (quoting FED. R. CIV. P. 56(e)). A genuine issue for trial exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249, 106 S. Ct. at 2511. In deciding a motion for summary judgment, the Court views the facts in the light most favorable to the nonmoving party and draws all inferences in his favor, mindful that summary judgment seldom should be granted in discrimination cases where claims are often based on inferences. *Peterson v. Scott County*, 406 F.3d 515, 520 (8th Cir. 2005); *Bassett v. City of Minneapolis*, 211 F.3d 1097, 1099 (8th Cir. 2000) (collecting cases). *But see Bainbridge v. Loffredo Gardens, Inc.*, 378 F.3d 756, 762 (8th Cir. 2004) (Arnold, J., dissenting).

## II.

The Peabody hired Richard Roeben as its director of purchasing in 2002. At that time, Roeben was sixty-seven years of age. The Peabody terminated him less than four years later, when he was seventy years of age. The reason given for the termination was that Roeben had unauthorized possession of hotel property.

The undisputed facts establish that on January 12, 2006, Jessica Hillman, who was employed by The Peabody as executive secretary to the hotel's controller, received a telephone call from a woman who identified herself as Brenda Tutor. This woman stated that she was with AKB Property Preservation, that Roeben had been evicted from his home, and that persons working with AKB Property Preservation had gone in to salvage items and found commercial steaks, commercial cleaning supplies, blankets, gold box frames, lobby furniture, washcloths and towels with The Peabody logo, and shampoos and conditioners with The Peabody logo. The Peabody began an investigation. On January 15, 2006, two employees of The Peabody named Tim Sneed and John Curry met Norma Wilcox, the owner of AKB Property Preservation, at the storage units where items taken from Roeben's home had been stored. Sneed and Curry viewed the contents of the storage units and discussed with Wilcox what she had seen. Thereafter, on January 17, 2006, Curry wrote a memorandum the summary of which is as follows:

> On Monday, January 15, 2006 Tim Sneed, Director of Engineering, and I went to storage sheds in Heber Springs, Arkansas and met Ms. Wilcox who opened storage sheds 187, 188 and 165 where Mr. Sneed and I viewed the contents. Upon looking over the items we found 6 bottles of hotel logo bathroom amenities and numerous washcloths and hand towels that are the same brand and had the same appearance as that being used by the hotel and one vacuum cleaner which is the same brand used by the hotel. We ask [sic] Ms. Wilcox what other items would be easily seen that would have Peabody logos on them, to which she advised that somewhere in one of the storage sheds was a bag of Peabody yellow ducks, a couple of cases of Peabody logo bathroom amenities and numerous bath mats, towels and washcloths, which her company used to pack all of Mr. Roeben's mirrors, glasses and breakables. Ms. Wilcox went on to state that she threw numerous vacuum packed steaks away and other items with the Peabody logo on them due to they were perishables and cannot be stored in a storage shed according to law.

On the day that Curry issued his memorandum, the general manager of The Peabody, Greg Herning, terminated Roeben's employment.

An employer violates the ADEA if it terminates an employee who is at least forty years of age because of his age. *See* 29 U.S.C. §§ 623(a)(1), 631(a). In a disparate treatment claim based, as here, on indirect evidence, the parties proceed under the traditional, burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973). *Evers v. Alliant Techsystems, Inc.*, 241 F.3d 948, 955 (8th Cir. 2001). This framework requires that a plaintiff first make out a prima facie case of age discrimination. A prima facie case of age discrimination requires a showing that the plaintiff is at least forty years old, that he suffered an adverse employment action, that he was meeting the employer's reasonable expectations, and that he was replaced by a substantially younger employee. *Lewis v. St. Cloud State Univ.*, 467 F.3d 1133, 1136 (8th Cir. 2006). If the plaintiff makes out a prima facie case, the burden shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse employment action. *Evers*, 241 F.3d at 955. If the employer offers such a reason, the plaintiff must then present evidence sufficient to raise a question of material fact as to whether that reason was pretextual and to create a reasonable inference that age was a motivating factor in the adverse employment action. *Id*.

Here, Roeben vigorously disputes the assertion that he had unauthorized possession of hotel property. However, Roeben must do more than demonstrate that it was unwise or even unfair to terminate his employment. *See Edmund v. MidAmerican Energy Co.*, 299 F.3d 679, 685-86 (8th Cir. 2002).

> "Title VII does not prohibit employment decisions based upon . . . erroneous evaluations." Employers are free to make employment decisions based upon mistaken evaluations, personal conflicts between employees, or even unsound business practices. Federal courts do not sit as "super personnel departments reviewing the wisdom or fairness of the business judgments made by employers, except to the extent that those judgments involve intentional discrimination."

4

*Id*. (quoting *Lee v. Minnesota Dep't of Commerce*, 157 F.3d 1130, 1135 (8th Cir. 1998); *Cronquist v. City of Minneapolis*, 237 F.3d 920, 928 (8th Cir. 2001)) (citations omitted).  Here, there is no evidence that Herning discharged Roeben from his employment for any reason other than the telephone call from the woman who identified herself as Brenda Tutor and the subsequent report from John Curry.  There is no evidence from which a reasonable jury could infer that the decision to discharge Roeben was based on his age.  There is no genuine issue of material fact on this point, and The Peabody is entitled to judgment as a matter of law on Roeben's age discrimination claim.

Because the Court has jurisdiction over Roeben's age discrimination claim, the Court has the authority to exercise supplemental jurisdiction over his remaining state-law claims for slander and The Peabody's state-law claims for conversion.  28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that . . . form part of the same case or controversy . . . .").  However, "[t]he district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."  28 U.S.C. § 1367(c)(3).  Out of respect for the principles of federalism and for the courts of the State of Arkansas, this Court will exercise its discretion under 28 U.S.C. § 1367(c) to decline to exercise supplemental jurisdiction with respect to Roeben's state-law claims for slander and The Peabody's state-law claims for conversion.  *Cf. Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Condor Corp v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990) (stating that, after dismissing the federal claims, the district court should have

exercised its discretion to decline pendent jurisdiction because of "the necessity to provide great deference and comity to state court forums to decide issues involving state law questions"). Therefore, the Court declines to exercise supplemental jurisdiction over the parties' state-law claims. Those claims will be dismissed without prejudice.

## CONCLUSION

For the reasons stated above, judgment as a matter of law is entered in favor of BG Excelsior Limited Partnership, d/b/a The Peabody Little Rock, on Richard Roeben's claims of age discrimination. Richard Roeben's claims for slander are dismissed without prejudice. The claim of conversion asserted by BG Excelsior Limited Partnership, d/b/a The Peabody Little Rock, is dismissed without prejudice.

IT IS SO ORDERED this 3d day of January, 2008.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE