## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

RICHARD ROEBEN                                        PLAINTIFF/COUNTER-DEFENDANT

v.                                    NO. 4:06CV01643 JLH

BG EXCELSIOR LIMITED PARTNERSHIP,
d/b/a THE PEABODY LITTLE ROCK;            DEFENDANT/COUNTER-PLAINTIFF
and TIM SNEED and KERRY SNELLGROVE          THIRD PARTY DEFENDANTS

### OPINION AND ORDER

Richard Roeben brought this action alleging that BG Excelsior Limited Partnership, his former employer, unlawfully discharged him based on age. He also alleged claims arising under the laws of the State of Arkansas, and BG Excelsior asserted a counterclaim arising under state law. The Court granted summary judgment in favor of BG Excelsior on the age discrimination claim and dismissed the state-law claims without prejudice so those claims could be litigated in state court. BG Excelsior has filed a bill of costs seeking an award of $6,555.78.

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs "shall be allowed as of course to the prevailing party unless the court otherwise directs[.]" This provision creates a presumption that the prevailing party is entitled to costs. *Greaser v. State of Mo. Dept. of Corrections*, 145 F.3d 979, 985 (8th Cir. 1998). "Despite this presumption, however, the district court has substantial discretion in awarding costs to a prevailing party." *Id*. A district court has discretion to refuse to tax costs in favor of the prevailing party. *Hibbs v. K-Mart Corp.*, 870 F.2d 435, 443 (8th Cir. 1989).

It is apparent from the evidence submitted in regard to the motion for summary judgment that Roeben has modest means compared to BG Excelsior. "[W]here the antagonists are very unevenly

matched in size, resources, and stability, it would be unfortunate to use the possible taxation of costs as a sort of Damocles . . . ." *Boas Box Co. v. Proper Folding Box Corp.*, 55 F.R.D. 79, 81 (E.D. N.Y. 1971).  An award of costs at or near the amount sought by BG Excelsior would be punitive. Awarding such costs would have a chilling effect on persons who might seek to enforce their rights under Title VII and the ADEA.  Furthermore, significant claims under state law remain to be litigated in state court.  Whether BG Excelsior will be the prevailing party on those claims remains to be decided.  Much of the costs pertain to those claims.  At this point, it would be premature as well as inequitable to award costs in favor of BG Excelsior against Roeben.

For these reasons, the Court declines to award costs to the defendant in this case.

IT IS SO ORDERED this 5th day of February, 2008.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE